TUCKER, Judge.
This is an action for automobile damages sustained by the Ordoyne vehicle on November 17, 1966, when an accident occurred on Arms Street, in Thibodaux, Louisiana. Plaintiff's collision insurer, State Farm Mutual Automobile Insurance Company, has been subrogated to that portion of the damages which it paid. Plaintiff Roy Ordoyne sues, also, for the Fifty Dollars ($50.00) deductible amount which he paid for the repair of his automobile.
At approximately 7:25 A.M., on a clear, dry day, with nothing to obstruct vision, Mrs. Emily Ordoyne, wife of Roy Or-doyne, completely backed the family automobile, a 1964 Chevrolet, out of her driveway into Arms Street and was pulled up in the right traffic lane, parallel to the curb, barely moving and preparing to go forward, when defendant, Mrs. Guernel Perez, who resides almost directly across the street from the Ordoynes, backed her husband’s automobile, a 1958 Ford, out of her driveway, crossed the street, and struck the Ordoyne vehicle from a 90 degree angle, on the left side and the left front door, as she prepared to go forward in the same direction as Mrs. Ordoyne. Mrs. Perez struck Mrs. Ordoyne with her bumper and her right tail light, causing a total damage of Four Hundred Four and 13/ioo ($404.13), Three Hundred Fifty-four and ls/ioo Dollars ($354.13) of which represents the interest to which State Farm has been sub-rogated.
Plaintiff-appellants allege that Mrs. Perez was negligent in failing to maintain a proper lookout, in striking a legally stopped vehicle and in backing her automobile into the street when it was unsafe to do so. Mrs. Perez answered alleging that *297 both she and Mrs. Ordoyne were in various stages of backing their automobiles from their residences at the time of the collision; that she, Mrs. Perez, had backed into the street approximately thirty feet before Mrs. Ordoyne started her backing maneuver into the street, with the result that she had preempted the street with her backing. She further asserted that she had crossed the center of Arms Street before Mrs. Ordoyne began her backing. Mrs. Perez alleged that the sole cause of the collision was the negligence of Mrs. Ordoyne, imputable to plaintiffs, in that she failed to maintain a proper lookout and illegally backed into Arms Street. Tn the alternative, Mrs. Perez alleged that Mrs. Ordoyne was guilty at least of contributory negligence proximately causing the collision, thus barring recovery by the plaintiffs.
The trial judge found that both cars were backing out at the same time, that neither driver saw the other; that both were negligent, and the plaintiffs were not entitled to recover. Appellants’ sole specification of error is that the trial judge was manifestly erroneous in finding Mrs. Or-doyne guilty of contributory negligence and that his finding is unsupported by a preponderance of the evidence in the record.
Mrs. Perez testified that she got into her automobile, started backing, but stopped at the end of her driveway while Roy Perez, Mrs. Ordoyne’s brother-in-law, backed out of the Ordoyne driveway. She looked to the right and to the left, but not to the rear, and then proceeded to back into Arms Street, colliding with Mrs. Ordoyne, who evidently had backed directly into the right lane of Arms Street from her own driveway in a short space of time after her brother-in-law left it, while Mrs. Perez was not looking.
Mrs. Ordoyne, on the other hand, testified that she saw the Perez vehicle standing in the Perez driveway, but did not see Mrs. Perez in the car and did not notice that the Perez vehicle had been moving and did not surmise that Mrs. Perez planned to back into the street. Mrs. Ordoyne checked the traffic in Arms Street both to her right and to her left. She saw none. She looked out her rear-view mirror and did not see the Perez vehicle moving or backing. She did not see Mrs. Perez, in fact, until after she had backed into Arms Street and straightened up to move forward. At no time did she back into the left lane of Arms Street, which was on the side of the street where Mrs. Perez’s residence was located. Both drivers estimated their speed in backing at five miles per hour, but Mrs. Ordoyne testified that she was hardly moving at the moment of impact.
The trial judge found that the motorists were backing out of their respective driveways at the same time. Certainly they were engaged in some of their backing maneuvers at the same time. It is true that neither saw the other actually moving until after the impact, but they were in slightly different positions with different responsibilities. Mrs, Ordoyne saw the Perez vehicle and concluded that it was stationary. Even had she realized that Mrs. Perez planned to move it, she had no reason to know that Mrs. Perez would back into the opposing lane of traffic. Although Mrs. Perez claims to have entered the street prior to the time that Mrs. Or-doyne did, there is no evidence to substantiate this statement. If Mrs. Perez had entered Arms Street in advance of Mrs. Or-doyne, presumably preempting it as she alleges, there would have been nothing to prevent Mrs. Ordoyne from seeing the Perez vehicle in its backing maneuver when she looked in her rearview mirror. On the other hand, if Mrs. Perez had preempted the subject lane of travel, Mrs. Ordoyne would have backed into and struck Mrs. Perez, rather than the opposite *298 occurrence of the Perez vehicle striking and colliding with the Ordoyne vehicle, which the record shows was the actual manner in which the accident happened. At the time that Mrs. Ordoyne looked through her rearview mirror, however, she testified that the Perez vehicle was stationary. In the opinion of this court, she was justified in completing her backing maneuver rapidly into the right hand lane of traffic where she had every right to be. Contributory negligence is an affirmative defense, and Mrs. Perez, who seeks to rely upon this defense, has not shown by a preponderance of the evidence that Mrs. Or-doyne was negligent in being where she was at the time that Mrs. Perez backed into her.
Under these circumstances, we hold that the lower court was manifestly erroneous in the conclusions to be drawn from the facts of this case, and that the sole and proximate cause of the accident and the resultant property damage was the negligence of Mrs. Perez in failing to keep a proper look-out, and, consequently, backing into the Ordoyne vehicle which was positioned in its proper lane of travel, preparing to move in the direction of the Parish Road.
For the foregoing reasons the judgment of the trial court will be reversed, and there will be judgment herein in favor of the plaintiff-appellant, State Farm Mutual Automobile Insurance Company, in the full sum and amount of Three Hundred Fifty-four and ls/ioo ($354.13) Dollars, and in favor of plaintiff-appellant, Roy Ordoyne, in the full sum and amount of Fifty and no/100 ($50.00) Dollars, and against the defendant-appellee, Guernel Perez, with legal interest from judicial demand until paid and all costs of these proceedings.
Reversed and rendered.